UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 15-22888-CIV-MOORE/GARBER

NOEL ORTIZ,

Plaintiff,

v.

SUSHI SAKE NMB, INC. and
RENE DIAZ,

      Defendant (s).
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
## AND TO DISMISS CASE WITH PREJUDICE

NOW COME, the parties, Plaintiff Noel Ortiz ("Plaintiff") and Defendant (s) Sushi Sake NMB, Inc., and Rene Diaz ("Defendant(s)"), and pursuant to Rule 41 of the Federal Rules of Civil Procedure, and Local Rule 7.1, jointly move this Court for approval of the parties' Confidential Settlement Agreement and for dismissal of the above-styled action with prejudice, without cost and waiving all rights of appeal.

## PRELIMINARY STATEMENT

In his Complaint, Plaintiff alleged Defendant failed to pay him overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and the Florida Minimum Wage Act ("FMWA") Fla. Stat. § 448.110. Defendant denies any wrongdoing under the FLSA and the FMWA and denies Plaintiff is owed any additional compensation. To avoid the costs and uncertainty of further litigation, however, the parties have agreed to settle Plaintiff's claims and seek dismissal of this action with prejudice.

## ARGUMENT AND CITATION TO AUTHORITY

Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of a court or the Secretary of Labor. When the settlement is the result of negotiations between two parties represented by counsel in the context of litigation, "the settlement is more likely to reflect a reasonable compromise of disputed issues." Id. at 1354.  In this action, the parties engaged in settlement negotiations with both the Plaintiff and the Defendant represented by counsel.  These settlement discussions involved intense negotiations between the parties which led to a formal settlement agreement which provides for, among other things, the payment of purported lost wages and Plaintiff's attorneys' fees.  The formal settlement agreement **does** provide for the payment of expenses and legal fees incurred by Plaintiff's counsel, or liquidated and/or punitive damages.  Specifically, the Plaintiff shall receive $4,000.00 dollars as wages, and $6,000.00 dollars shall be paid to Plaintiff's counsel as legal fees.

The parties agree that the settlement represents a fair and equitable resolution of this action. The parties also submit that dismissal with prejudice is appropriate as this action has remained a one-plaintiff action and no motion for collective action certification has been made or considered by this Court. Because the settlement agreements require confidentiality, the parties do not wish to file it with the Court and thereby make it a part of the Court file. Accordingly, the parties request permission to deliver the settlement agreements to the Honorable Judge Michael Moore for an in camera review. Assuming it meets with Judge Moore's approval, the parties request entry of an Order approving the settlement agreement. A proposed Order is attached to this Motion as Exhibit "A".

Following an in camera review, the copy of the settlement agreements provided to the Honorable Judge Moore may be destroyed or returned to the parties.

**WHEREFORE**, the parties respectfully request that this Court enter an Order granting the instant Motion in its entirety; issue an Order approving the terms of the settlement of Plaintiff's FLSA and FMWA claims, reserving jurisdiction for 90 days and through the end of February, 2016, to enforce the terms of the settlement agreement; and to dismiss this case with prejudice; and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted November 12, 2015

| | |
|---|---|
| *s/ Maria Elene Perez*<br>_____<br>Maria Elena Pérez, Esq.<br>Fla. Bar No.:0487910<br>Mari2much@aol.com<br>Law Office of Maria Elena Pérez<br>145 Madeira Avenue, Suite 310<br>Coral Gables, Florida 33134<br>Tele:   305.461.3100 | *s/ Zandro E. Palma*_____<br>Zandro E. Palma<br>Fla. Bar No. 0024031<br>zep@thepalmalawgroup.com<br>Zandro E. Palma, P.A.<br>3100 South Dixie Highway<br>Suite 202<br>Miami, FL 33133<br>Phone (305) 446.1500<br>Fax (305) 446.1502<br>*Attorney for Plaintiff* |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Service List:**

Maria Elena Pérez, Esq.
Fla. Bar No.:0487910
Mari2much@aol.com

Law Office of Maria Elena Pérez
145 Madeira Avenue, Suite 310
Coral Gables, Florida 33134
Tele:   305.461.3100
Fax:    305.461.3444
Attorney for Defendant

Zandro E. Palma
Fla. Bar No. 0024031
zep@thepalmalawgroup.com
Zandro E. Palma, P.A.
3100 South Dixie Highway
Suite 202
Miami, FL 33133
Phone (305) 446.1500
Fax (305) 446.1502
Attorney for Plaintiff

Plaintiff Noel Ortiz via Counsel

Defendant(s) Sushi Sake NMB, Inc.
And Rene Diaz