UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-22888-KMM

NOEL ORTIZ,                              )
                                         )
          Plaintiff,                     )
                                         )
vs.                                      )
                                         )
SUSHI SAKE NMB, INC.,                    )
and RENE DIAZ, Individually              )
                                         )
          Defendant.                     )
_____/

## NOTICE OF FILING AMENDED SETTLEMENT AGREEMENT

The Defendant, SUSHI SAKE NMB, INC., and RENE DIAZ, hereby file the instant Amended Settlement Agreement.

WHEREFORE, the Defendants, SUSHI SAKE DORAL, NMB INC., JAMES AGUAYO and RENE DIAZ, individually, respectfully request this Honorable Court to take notice of the attached Amended Settlement Agreement.

Respectfully submitted,

/S/ *Maria Elena Pèrez, Esq.*
The Law Offices of Maria Elena Pèrez, Esq.
Florida Bar No. 487910
145 Madeira Avenue
Suite 310
Coral Gables, Florida 33134
Tel.: (305) 461-3100
Fax: (786) 461-3444
**COUNSEL FOR SUSHI SAKE DORAL, NMB INC. AND MR. JAMES AGUAYO AND RENE DIAZ**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was furnished to counsel for Defendant  this 21st day of December, 2015.

Respectfully submitted,

/S/ *Maria Elena Pèrez, Esq.*
The Law Offices of Maria Elena Pèrez, Esq.
Florida Bar No. 487910
145 Madeira Avenue
Suite 310
Coral Gables, Florida 33134
Tel.: (305) 461-3100
Fax: (786) 461-3444
**COUNSEL FOR SUSHI SAKE DORAL, NMB INC. AND MR. JAMES AGUAYO AND RENE DIAZ**

## CONFIDENTIAL AGREEMENT AND GENERAL RELEASE

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made on this ___ day of November, 2015, by and between Noel Ortiz, (Plaintiff), and Sushi Sake NMB, Inc., and Rene Diaz (collectively "Defendant(s)"):

WHEREAS, Plaintiff and Defendants (Plaintiff and Defendants are collectively referred to herein as "the Parties"), desire to resolve, settle and agree to approval by the Court and dismissal with prejudice of all claims and all issues which were or might have been raised in Plaintiff's Complaint filed in the Southern District of Florida, Case No. 15-22888-CIV-MOORE/GARBER, in the action styled *Noel Ortiz v. Sushi Sake NMB, Inc., and Rene Diaz* (the "Litigation"), and to preclude and release all claims of any kind, including but in no way limited to claims under the Florida Minimum Wage Act, Article X, Section 24 of the Florida Constitution ("FMWA"), the Fair Labor Standards Act of 1938, as amended ("FLSA") and/or any related common law and/or statutory claims for unpaid or overtime wages, unpaid or misappropriated gratuities, unjust enrichment, breach of contract, and any other claim which Plaintiff (including, but not limited to, any present or former spouses, dependents, heirs, counsel, executors, successors, agents, assigns or representatives of the Plaintiffs referred to collectively hereafter as "Plaintiff") has made or could make against Defendants, whether known or unknown, arising up to and as of the date of the execution of the instant Agreement;

WHEREAS, the Parties understand and agree that the Defendants named herein (which include, but are not limited to, the above-captioned entities, and any present or former parent corporation[s], subsidiaries, divisions, affiliated entities, acquiring entities, purchasers of assets or stock, investors, joint ventures, shareholders, successors, counsel, assigns, administrators, executors, owners, officers, partners, directors, agents, employees, representatives thereof and any present or former spouse, dependents, counsel, heirs, executors, successors, agents, assigns or representatives, personally and as otherwise might relate to them, who are all collectively referred to throughout this Agreement hereafter as "Defendants"), deny the allegations of wrongdoing of the Litigation;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with federal, state, or local statute, order, regulation or ordinance, public policy, common law, Defendants' policies, practices or procedures or of any other wrongdoing whatsoever; and,

WHEREAS, the Parties wish to avoid litigation, and settle and resolve the controversy between them amicably and expeditiously and on a confidential basis.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby,

1

PARTIE(S) INITIALS

STIPULATED AND AGREED by and between the undersigned Parties that the Litigation is hereby resolved as follows:

1. **Recitals.** The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **Consideration.** In consideration for the execution by Plaintiff of this Agreement, and compliance by Plaintiff with the promises made herein, SUSHI SAKE NMB, INC. and RENE DIAZ, agree to pay the sum of Eight Thousand and 00/100 Dollars ($8,000.00), plus the cost(s) of mediation totaling One Thousand and Two Hundred Dollars ($1,200.00) inclusive of fees and costs. The parties agree that of the $8,000.00 dollars, Plaintiff's counsel shall receive $4,000.00 dollars, and the Plaintiff shall receive $4,000.00 dollars, the latter which shall be disbursed by Plaintiff's counsel to the Plaintiff.   The sum of $8,000.00 dollars shall be paid in three (3) payments in three (3) checks: first payment of Three Thousand Three Hundred Thirty Three Dollars and 33/100 ($3,333.33) due on December 1, 2015, second payment of Two Thousand Three Hundred Thirty Three Dollars and 34/100 ($2,333.34) due on January 1, 2016, and the third payment of Two Thousand Three Hundred Thirty Three Dollars and 33/100 ($2,333.33); and after all two of the following conditions are met:  a) the receipt of this Agreement containing Plaintiff's original signature; b) the Court's entry of an Order approving this settlement on a confidential basis and dismissing the Litigation with prejudice; and with the payments as follows:

a. **First Payment**

   a) December 1, 2015: A check payable to "The Law Offices of Zandro E. Palma Trust Account" in the amount of Three Thousand Three Hundred and Thirty Three Dollars ($3,333.33).  The latter payment shall me mailed to: 9100 South Dadeland Blvd., Suite 1500, Miami, Florida 3315;

b. **Second Payment**

   a) January 1, 2016: A check payable to "The Law Offices of Zandro Palma" in the amount of Two Thousand Three Hundred Thirty Three Dollars and 34/100 ($2,333.34;

   **Third Payment**:

c. a) February 1, 2016: A check payable to "The Law Offices of Zandro Palma" in the amount of Two Thousand Three Hundred Thirty Three Dollars and 33/100 ($2,333.33);

   d. Defendants shall issue appropriate tax forms to The Law Office of

Zandro Palma.  Neither the Plaintiff or the Defendants have received any tax advice from the Law Offices of Maria Elena Pérez, and The Law Office of Zandro Palma must ensure that all taxes relating to the payments made hereunder are timely and properly paid.  In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing by the Plaintiff and/or Plaintiff's counsel, as a result of the payments made hereunder, said taxes, interest, penalties or other liabilities shall be the sole obligation and

2

no

PARTIE(S) INITIALS

liability of the Plaintiff and Plaintiff's counsel, who agrees to hold harmless and to indemnify Defendants from any tax-related or other liability (including taxes, penalties, and interest) that are required of the Plaintiff, as a result of the payments arising under the Agreement.

        e.      The financial consideration set forth herein represents a complete settlement, satisfaction, release and waiver of all claims, including, but not limited to, those for alleged lost wages, benefits or other compensation, mental, physical or other personal injuries, pain and suffering, liquidated damages, punitive damages, attorneys' fees, costs, and any other relief which Plaintiff may have against Defendants.

        f.      In the event the aforementioned payments are not received by their due date, Plaintiff's Counsel shall send the Defendant(s) a Default Notice via email to Defendant(s) counsel.  The Defendant's shall then have five (5) calendar days to cure said default. If the Defendant's do not cure said default within five (5) calendar days, the Plaintiff Shall be entitled to a Stipulate Final Judgment in the amount of $25,000.00 dollars plus reasonable attorney's fees and costs incurred in enforcing the final judgment.

        3.      <u>**No Consideration Absent Execution of This Agreement**</u>.  Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

        4.      <u>**General Release of Claims**</u>.  In return for the payments identified in Paragraph 2, Plaintiff knowingly and voluntarily waives, releases, and forever discharges Defendants of and from any and all claims, whether known and unknown, he has or may have against Defendants as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Florida Minimum Wage Act, Article X, § 24 of the Florida Constitution;
- The Fair Labor Standards Act;
- Florida's Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Plaintiff Retirement Income Security Act of 1974 ("ERISA"), as amended (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990 (the "ADA"), as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Worker Adjustment and Retraining Notification Act, as amended;
- Family & Medical Leave Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. § 760.01, et seq.;
- Florida's Private-Sector Whistle-blower's Act – Fla. Stat. § 448.101, et seq.;

3

PARTIE(S) INITIALS

- Florida's Public-Sector Whistle-blower's Act – Fla. Stat. § 112.3187, et seq.;
- Florida's Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;
- Florida's Statutory Provision Regarding Wage Rate Discrimination Based on Sex – Fla. Stat. § 448.07;
- The Florida Equal Pay Act – Fla. Stat. § 725.07;
- The Florida Omnibus AIDS Act – Fla. Stat. § 760.50;
- Florida's Statutory Provisions Regarding Employment Discrimination on the Basis of and Mandatory Screening or Testing for Sickle-Cell Trait – Fla. Stat. §§ 448.075, 448.076;
- Florida's General Labor Regulations, Fla. Stat. ch. 448;
- Any other federal, state or local wage, compensation, benefits, civil rights or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; or
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

1. **Acknowledgments and Affirmations**.

   a.    Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any claim against Defendants, other than the Litigation.

   b.    Plaintiff affirms that, upon payment of the sums in this Agreement, he has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits to which he may be entitled to receive from Defendants related to his prior employment. Plaintiff affirms that he has been granted any leave to which he was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

   c.    Plaintiff affirms he has no known workplace injuries or occupational diseases.

   d
   Plaintiff further affirms he has not been retaliated against by Defendants.

   e.    Plaintiff acknowledges and affirms that because of circumstances unique to him including, but not limited to, irreconcilable differences with Defendants, he shall not apply in the future for employment with Defendants.  In the event Plaintiff does apply for employment with Defendants, Plaintiff acknowledges that Defendants have no duty to consider his application for re-hire.

2. **Confidentiality, Non-Disparagement, and Liquidated Damages**.

   a.    The terms and conditions of this Agreement, including any mediation discussions, settlement offers, counter-offers, modifications and proposed

4

no ᛘ RD
PARTIE(S) INITIALS

modifications thereto shall be held in strictest confidence by Defendants (and its counsel) and Plaintiff (and his counsel) and shall not be publicized or disclosed in any manner whatsoever, including but not limited to statements to the press, or advertising on Plaintiff's counsel's websites or other promotional materials. This covenant of complete confidentiality includes, but is not limited to, the claims that Plaintiff has or could have asserted against Defendants, any alleged conduct by Defendants, the terms or the making of this Agreement and Plaintiff's receipt of the payments hereunder, including the amount of the payments. Notwithstanding the prohibition in the two preceding sentences: (a) Plaintiff may not disclose this Agreement, in confidence, to his immediate family; (b) the parties may disclose this Agreement in confidence to their respective attorneys, accountants, auditors, tax preparers, and financial advisors; (c) Defendants may disclose this Agreement internally to the extent necessary to run its operations and externally as necessary to fulfill standard or legally required corporate reporting or disclosure requirements; and (d) the parties may disclose this Agreement insofar as such disclosure may be necessary to enforce its terms or as otherwise required by law, provided further that before providing information pursuant to a court order or other legal requirement, the party providing such information shall promptly notify the other party, and to the extent possible will comply with the court order or other legal requirement in ways that best preserve confidentiality. In particular (and without limitation), Plaintiff agrees not to (i) discuss this Agreement or advertise the fact that he settled the Litigation with any present or former employees, consultants, independent contractors or other personnel of Defendants, nor (ii) as of the date he signs this Agreement, direct, encourage, or induce any present or former employees, consultants, independent contractors or other personnel of Defendants to contact the Law Office of Zandro Palma. In the event that any present or former employees, consultants, independent contractors or other personnel of Defendants contacts Plaintiff regarding the Litigation, Plaintiff may only state "The Litigation was resolved."

b.

c.       Plaintiff further understands that if this Agreement were not signed, he would have the right to voluntarily assist other individuals or entities in bringing claims against Defendants. Plaintiff hereby waives that right and will not provide any such assistance other than assistance where compelled by a governmental agency in an investigation or proceeding.

d.       Plaintiff further agrees that, except as compelled by law, he shall not make any statement or take any action that, directly or indirectly, has the purpose or effect of disrupting or interfering with Defendant's business or operations.

e.       Plaintiff confirms that, as of and prior to the date of the execution of this Agreement he has not told anyone (other than his attorney, immediate family and tax advisor) about the terms of this Agreement.

f.       Plaintiff agrees not to defame, disparage or demean Defendants in any manner whatsoever. Defendant(s) agree not to defame, disparage or demean the Plaintiff in any manner whatsoever.

3.       <u>**Governing Law and Interpretation**</u>. This Agreement shall be governed

5

PARTIE(S) INITIALS

and conformed in accordance with the laws of the State of Florida without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breaches any provision of this Agreement, the Parties affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the Parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release language is found to be illegal or unenforceable, Plaintiff agrees to execute a binding replacement release.

4.   **Amendment**.   Except as provided in Paragraph 8 above, this Agreement may not be modified, altered or changed without the express written consent of both Parties wherein specific reference is made to this Agreement.

5.   **Resolution of Disputes**.   In the event the Plaintiff or Defendants breaches any provision of this Agreement, the Parties affirm that either may institute an action to specifically enforce any term or terms of this Agreement. Any controversy or claim arising out of this Agreement, or the breach thereof, or any other dispute between the Parties, shall be decided by the appropriate court in Miami-Dade County, Florida, and all such claims shall be adjudicated by a judge sitting without a jury on an individual (not representative or multi-plaintiff) basis. In such an action, the prevailing Party shall be entitled to reasonable attorneys' fees and costs. The Parties hereby consent and waive any objection to the jurisdiction of such courts in Miami-Dade County, Florida.

6.   **Covenant Not To Sue**.       Provided that he receives the payments in accordance with Paragraph 2, Plaintiff agrees not to sue any and all Defendants in any forum for any claim covered by the waivers and releases is Paragraph 4, except that Plaintiff may bring a claim to enforce this Agreement. Plaintiff also agrees not to participate in any class or collective action against Defendants.

7.   **No admission of Wrongdoing**.   The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either Party of any liability or unlawful conduct of any kind.

8.   **Entire Agreement**.   This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

9.   **Section Headings**.   Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

6

PARTIE(S) INITIALS

10.   **Legal Fees**.  Each Party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation and settlement of this Agreement.

11.   **Joint Participation in Preparation of Agreement**.   The Parties participated jointly in the negotiation and preparation of this Agreement, and each Party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement.  Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party.  This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

12.

13.   **Competency**.   Plaintiff is competent to execute this Agreement and knowingly and voluntarily waives any and all claims he may have against Defendants.  Plaintiff certifies she is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against Defendants.

14.

**PLAINTIFF HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HIS COUNSEL, ZANDRO PALMA, ESQ., REGARDING THE AGREEMENT.  HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Confidential Agreement and General Release as of the date set forth below:

STATE OF _____          )

COUNTY OF _____          )

_____        *Noel Ortiz*  12/16/15

NOEL ORTIZ

SWORN TO AND SUBSCRIBED before me this ____ day of November, 2015, by NOEL ORTIZ, who is personally known to me or has produced _____ as identification.

7

PARTIE(S) INITIALS

_____

(NOTARY SEAL)

(Notary Signature)

_____

(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

8

PARTIE(S) INITIALS

STATE OF _Florida_ )

COUNTY OF _Miami Dade_ )

JASON VALERO
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF183172
Expires 12/14/2018

SUSHI SAKE NMB, INC.

By: _____
JAMES AGUAYO (SIGNATURE)

Its: _President_
JAMES AGUAYO (PRINT NAME)

Date: _12/09/2015_

SWORN TO AND SUBSCRIBED before me this _19_ day of November, 2015, by JAMES AGUAYO, who is personally known to me or has produced _FL/DL A200-440-80-453-0_ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

STATE OF _Florida_ )

COUNTY OF _Miami Dade_ )

JASON VALERO
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF183172
Expires 12/14/2018

RENE DIAZ

By: _____
RENE DIAZ (SIGNATURE)

Its: _RENE DIAZ MANAGER_
RENE DIAZ (PRINT NAME)

Date: _10/19/15_

SWORN TO AND SUBSCRIBED before me this _19_ day of November, 2015, by RENE DIAZ, who is personally known to me or has produced _0252-720-70-011-0_ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

9

no _____
PARTIE(S) INITIALS